**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JOYCE SIMMONS,

               Petitioner,

   v.

UNITED STATES,

               Respondent.

Case No. ED CV 16-01503 MWF (AFM)

**ORDER SUMMARILY DISMISSING HABEAS PETITION FOR LACK OF SUBJECT MATTER JURISDICTION**

**INTRODUCTION**

On July 11, 2016, petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241).  Petitioner is purporting to challenge the legality of a sentence she sustained in October 2009 in the United States District Court for the Northern District of Texas.  The Petition raises three claims of ineffective assistance of counsel.

As discussed below, the instant Petition is subject to summary dismissal for lack of subject matter jurisdiction because a motion to contest the legality of a sentence generally must be filed in the sentencing court pursuant to 28 U.S.C. § 2255, and the narrow exception to the general rule does not apply here.  Moreover, it is unnecessary to transfer this action to any other court because

petitioner previously raised her claims in a § 2255 motion in the sentencing court, and it was rejected on the merits.

## PROCEDURAL HISTORY

In October 2009, petitioner pled guilty in the United States District Court for the Northern District of Texas of crimes relating to the preparation of false tax returns. She was sentenced to 216 months in federal prison and ordered to pay approximately $28 million in restitution. *See United States v. Simmons*, Case No. 4:08-cr-00131-A-1 (N.D. Tex.).[1] In April 2011, the Fifth Circuit Court of Appeals affirmed petitioner's conviction. *See United States v. Simmons*, 420 F. App'x 414 (2011). In October 2011, the Supreme Court denied her petition for writ of certiorari. *See Simmons v. United States*, 132 S. Ct. 227.

In September 2012, petitioner filed a motion to vacate sentence under 28 U.S.C. § 2255 in the sentencing court. *See Simmons v. USA*, Case No. 4:12-cv-00640-A (N.D. Tex.). In her motion, petitioner raised the same three claims she is raising in the instant Petition (plus other claims). In December 2012, the sentencing court denied the § 2255 motion on the merits. In July 2013, the Fifth Circuit denied petitioner's request for a certificate of appealability.

In September 2015, petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241) in the United States District Court for the Northern District of California. *See Simmons v. United States*, Case No. C 16-0747 NJV (PR). (At the time petitioner filed the Petition, she was incarcerated within the territorial limits of the Northern District of California.) The Petition raised four claims directed to the calculation of petitioner's restitution and sentence. In February 2016, the Petition was dismissed because petitioner's claims

---

[1] The Court takes judicial notice of the relevant dockets from petitioner's criminal and habeas cases. *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (courts may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts).

did not qualify for the "escape hatch" of 28 U.S.C. § 2255 and because petitioner's claims, or variations of her claims, had already been rejected on the merits by the Fifth Circuit on direct appeal.   Petitioner filed a request for a certificate appealability, which currently is pending in the Ninth Circuit.   *See Simmons v. United States of America*, Case No. 16-15718.

In the interim, in December 2015, petitioner was transferred to a federal prison within the territorial limits of the Central District of California.

In January 2016, petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241) in this Court.   *See Simmons v. Johnson*, Case No. CV 16-00276 MWF (AFM).   Petitioner claimed that the execution of her restitution order was unlawfully delegated to the Federal of Bureau of Prisons under its Inmate Financial Responsibility Program.   On May 27, 2016, the Petition was dismissed without prejudice as moot because petitioner's restitution obligation eventually was exempted from the program.

On July 11, 2016, petitioner filed the instant Petition.   Petitioner claims that her counsel was ineffective during sentencing in three respects:

(1)     failure to call a forensic tax expert;

(2)     failure to investigate the sentencing court's application of two criminal history points for petitioner having committed the offense while on deferred adjudication probation; and

(3)     failure to investigate the basis of petitioner's sentence enhancement for obstruction of justice.

## DISCUSSION

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."   *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008).   "There is

an exception, however, set forth in § 2255:  A federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Id.* (*quoting* 28 U.S.C. § 2255).  "We refer to this section of § 2255 as the 'savings clause,' or the 'escape hatch.'" *Id.* (citation omitted).

A § 2241 petition may be brought under § 2255's "savings clause" or "escape hatch" when a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim.  *See Harrison*, 519 F.3d at 959; *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).  Further, a claim of actual innocence for purposes of the savings clause of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614 (1998) − i.e., the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *See Stephens*, 464 F.3d at 898 (*citing Bousley*, 523 U.S. at 623); *see also Lorentsen v. Hood*, 223 F.3d 950, 954 (9th Cir. 2000).

Neither requirement for application of the savings clause has been met in this case.  First, petitioner is not raising a claim of actual innocence.  In fact, petitioner admits "regrettably that she was guilty of Title 26 U.S.C. § 7206(2) violation and that is why she pled guilty on two different occasions."  (Petition Mem. at 5.) Petitioner is raising only claims of ineffective assistance of counsel during sentencing, which does not relate to her guilt or innocence of the crimes of conviction.

Second, petitioner has not shown she did not have an unobstructed procedural shot at presenting her claims.  In fact, she has already presented these same claims in a motion to vacate sentence under § 2255.  The sentencing court rejected all three claims on the merits, and the Fifth Circuit denied a certificate of appealability.  *See* Case No. 4:12-cv-00640-A, ECF Nos. 25, 39.  And earlier, the Fifth Circuit rejected a claim that was substantially similar to Ground Two on direct

appeal.  *See Simmons*, 420 F. App'x at 420-21.  Petitioner therefore cannot show that she never had an opportunity to present her claims.

The only remaining question is whether this action should be transferred to any other court in which the action could have been brought.  *See* 28 U.S.C. § 1631.  "Because the statute's language is mandatory, federal courts should consider transfer without motion by the parties."  *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001).  "Transfer is appropriate under § 1631 if three conditions are met:  (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice."  *Id.*  Here, the interests of justice would not be served by transferring this action because petitioner's claims have already been rejected by any other court to which this action could be transferred:  The sentencing court rejected petitioner's claims in a § 2255 action, and the Fifth Circuit rejected a claim similar to Ground Two on direct appeal and found all three claims failed to meet the standard for a certificate of appealability.  Transfer of this action therefore is inappropriate.  *See Puri v. Gonzales*, 464 F.3d 1038, 1043 (9th Cir. 2006) (declining to transfer action that was previously dismissed by transferee court, and noting that a transfer request would be an attempt to circumvent the earlier order of dismissal).

## ORDER

IT THEREFORE IS ORDERED that this action be summarily dismissed without prejudice for lack of subject matter jurisdiction.

DATED:  July 26, 2016

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

1
2

Presented by:

3
4

_____

5

Alexander F. MacKinnon
United States Magistrate Judge

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28